IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE HILT, as Wrongful Death Heir, and as Successor-in-Interest to ROBERT HILT, Deceased, and KRISHNA TINDALL, SHERLYN HILT, KIMBERLY CRAWFORD, DARPHINE ROLAND, as Legal Heirs of ROBERT HILT, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), et al.,<br><br>Defendants. | Case No. 11-cv-02367-CRB<br><br>**ORDER DENYING FOSTER WHEELER'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs brought this case to recover damages for harm allegedly caused by Defendants' asbestos-containing products. In 2014, the Eastern District of Pennsylvania granted summary judgment in favor of Defendant Foster Wheeler LLC ("Foster Wheeler"). Order Granting Summary Judgment (dkt. 48, Ex. A) at 7. All other defendants were subsequently dismissed through settlements or voluntary dismissals. Final Judgment (dkt. 26). Plaintiffs appealed the order granting summary judgment. Notice of Appeal (dkt. 27). On appeal, the Ninth Circuit reversed the Eastern District of Pennsylvania and remanded the case to this Court "to consider any remaining grounds in Foster Wheeler's motion for summary judgment." Hilt v. Foster Wheeler, LLC, 690 Fed. Appx. 482, 483 (9th Cir. Apr. 26, 2017). Having done so, the Court DENIES Foster Wheeler's motion for summary judgment, for the reasons discussed below.

## I. BACKGROUND

### A. Factual Background

Between 1965 and 1972, Decedent Robert Hilt ("Hilt" or "Decedent") worked as a laborer and machinist at Hunters Point Naval Shipyard in San Francisco. See Plts.' Special Interrogatory Responses (dkt. 48, Ex. B, attached therein as Ex. B), No. 1. During that time, Hilt worked aboard a number of different ships, including the USS Bradley and the USS Constellation. See id. According to Hilt, he worked "down in the boiler room" on both ships for at least several months, within two to three feet of the boilermakers, who were removing asbestos-containing firebrick and refractory materials from the boilers. Hilt Depo. Vol. I (dkt. 48, Ex. C, attached therein as Ex. A) at 42:2–44:2, 47:11–49:20. The removal of these materials created "lots of dust" that "floated around quite a bit." Id. at 43:1–8. The record indicates that the boilers installed on the USS Bradley and the USS Constellation, near which Hilt worked, were Foster Wheeler boilers. See Plts.' Special Interrogatory Responses, Nos. 1 and 3. The insulation and refractory materials utilized in Foster Wheeler boilers contained asbestos. See Sworn Statement of Arthur Christenson (Foster Wheeler's Person Most Knowledgeable) (dkt. 48, Ex. C, attached therein as Ex. I) at 143. In 2008, Hilt was diagnosed with malignant mesothelioma; he passed away two years later as a result of the disease. See Raybin Decl. (dkt. 48, Ex. C, attached therein as Ex. K), Ex. 2.

### B. Procedural Background

Plaintiffs commenced this action in 2011, bringing tort claims to recover damages against various defendants. See FAC (dkt. 48, Ex. B, attached therein as Ex. A). Upon the case's transfer to the Eastern District of Pennsylvania, Defendant Foster Wheeler moved for summary judgment on November 5, 2012. See MSJ (dkt. 48, Ex. B). In its motion, Foster Wheeler asserted two bases on which summary judgment should be granted. First, Foster Wheeler argued that Plaintiffs had proffered "no evidence establishing that Decedent was exposed to asbestos from any Foster Wheeler product." Id. at 9. Second, Foster Wheeler contended that even if Plaintiffs had provided evidence that Hilt had

worked around Foster Wheeler products, Plaintiffs had not overcome the "bare metal" defense—that is, they had failed to "submit evidence that Foster Wheeler manufactured, sold or supplied the actual asbestos-containing component parts (e.g., gasket, packing or insulation material) to which [Hilt] was exposed." Id. at 12.[1]

In their opposition, Plaintiffs noted that "defendant's motion only raises the issue of exposure to asbestos-containing component parts for which it is liable. No other issues are properly before this Court." Opp. (dkt. 48, Ex. C) at 2. Among other materials, Plaintiffs submitted declarations from asbestos consultant Charles Ay and physician Dr. Daniel Raybin. See Ay Decl. (dkt. 48, Ex. C, attached therein as Ex. J); Raybin Decl. Based on his experience and review of Hilt's deposition testimony, Mr. Ay concluded:

> Because the USS Bradley (FF-1041) and USS Constellation (CVA-64) were relatively new ships when decedent worked aboard them, not only is it more likely than not that decedent was exposed to and inhaled respirable asbestos fibers in concentrations orders of magnitude above background or ambient levels from asbestos-containing refractory original to the Foster boilers but, it is virtually impossible for decedent to have avoided being exposed to asbestos dust from this original refractory.

Ay Decl. ¶ 36. Based on his medical training, experience, and review of the record, Dr. Raybin concluded that "the dust from the asbestos-containing refractory cement from the Foster boilers that decedent breathed in, as a result of his work with and around Foster boilers . . . , was a substantial factor in causing decedent's asbestos-related disease." Raybin Decl. ¶ 18.

In its reply, Foster Wheeler argued that the court should discredit Mr. Ay's and Dr. Raybin's opinions because both Mr. Ay and Dr. Raybin lacked personal knowledge, and therefore had no foundation, to form their opinions. See Reply (dkt. 48, Ex. D) at 11–14.

---

[1] Foster Wheeler also argued in its motion that there was no triable issue as to Plaintiffs' claim for punitive damages. See MSJ at 15–18. Nevertheless, Foster Wheeler acknowledged that the punitive damages claim had been severed and was not to be considered at the summary judgment stage. Id. at 15 n.1; see also Kovary v. Honeywell Int'l, Inc., MDL No. 875, 2011 U.S. Dist. LEXIS 151830, at *11–12 (E.D. Pa. Nov. 30, 2011) ("Punitive damages claims are severed from Plaintiffs' other claims in MDL-875, and therefore the Court need not address such claims at this stage.").

3

The Eastern District of Pennsylvania granted summary judgment in favor of Foster Wheeler. In doing so, the court noted that Foster Wheeler's motion contained two arguments:

> Product Identification / Causation
> Foster Wheeler contends that Plaintiff's evidence is insufficient to establish that any product for which it is responsible caused Decedent's asbestos-related injury. Defendant has also submitted objections to Plaintiff's evidence pertaining to product identification and causation (the declarations and reports of Charles Ay and Dr. Daniel Raybin).
>
> Bare Metal Defense
> Foster Wheeler asserts the bare metal defense, arguing that, under both maritime and California law, it had no duty to warn about and cannot be liable for injury arising from any product or component part that it did not manufacture or supply.

Order Granting Summary Judgment at 5–6. With respect to the product identification argument, the court concluded, "There is evidence that [Hilt] was exposed to respirable asbestos dust from insulation used in connection with Foster Wheeler boilers while aboard the USS Bradley and USS Constellation." Id. at 7. Importantly, however, the court found that Mr. Ay's opinion was "impermissibly speculative" and decided that "no reasonable jury could conclude from the evidence that [Hilt] was exposed to asbestos from original insulation manufactured or supplied by Defendant such that it was a 'substantial factor' in the development of his illness, because any such finding would be impermissibly conjectural." Id. The court therefore granted summary judgment in favor of Foster Wheeler. Id. Subsequently, all other defendants were dismissed, and Plaintiffs appealed. See Final Judgment; Notice of Appeal.

In its answering brief to the Ninth Circuit on October 12, 2016—four years after its original summary judgment motion—Foster Wheeler raised for the first time the argument that "[t]he record is devoid of any evidence from which an inference of regular, frequent or systemic exposure to any Foster Wheeler product could be drawn." Def.'s Appellate Brief (No. 15-17301, dkt. 30) at 29. Thus, Foster Wheeler argued, "No genuine issue of material fact exists regarding whether Mr. Hilt's alleged exposure to asbestos from Foster Wheeler boilers was a 'substantial factor' in causing his injuries." Id. at 27 (capitalization

4

modified). The Ninth Circuit reversed the holding of the Eastern District of Pennsylvania, finding that Mr. Ay's expert opinion "was sufficient to create a genuine issue of material fact as to whether Robert Hilt was exposed to asbestos fibers from insulation supplied by Foster Wheeler." Hilt, 690 Fed. Appx. at 483. The Ninth Circuit, however, declined to address the "substantial factor" issue and remanded the case to this Court, writing:

> The district court did not determine whether there was a genuine issue of material fact that Hilt's alleged exposure to asbestos-containing boiler insulation was a "substantial contributing factor in causing his injuries." McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1174 (9th Cir. 2016), and we decline to address this issue in the first instance. Accordingly, we vacate the order granting summary judgment and remand to the district court to consider any remaining grounds in Foster Wheeler's motion for summary judgment.

Id.

On remand, Foster Wheeler requested leave to file a supplemental motion for summary judgment. See Request to File Supplemental MSJ (dkt. 48). The Court denied the request because it had before it the full briefing on Foster Wheeler's motion and found that supplemental briefing would not be helpful in complying with the circuit court's instructions. See Order Denying Request to File Supplemental MSJ (dkt. 51) at 2. As directed, the Court has considered "any remaining grounds in Foster Wheeler's motion for summary judgment." See Hilt, 690 Fed. Appx. at 483.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence, viewed in the light most favorable to the nonmoving party, "is such that a reasonable jury could return a verdict for the nonmoving party." Id. In determining whether there is a genuine issue for trial, the court does not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. Id. at 249.

## III. DISCUSSION

Maritime law governs this case. See Order Granting Summary Judgment at 2–4. To establish causation under maritime law, Plaintiffs must show that (1) Hilt was exposed to asbestos-containing material manufactured or supplied by Foster Wheeler, and (2) such exposure was a substantial contributing factor in causing his injury. McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1174 (9th Cir. 2016) (citing Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005)); see also Order Granting Summary Judgment at 4–5.

In its motion for summary judgment, Foster Wheeler argued two bases for granting summary judgment: (1) a lack of evidence that Hilt had been exposed to asbestos from a Foster Wheeler product, and (2) a lack of evidence that Foster Wheeler manufactured, sold, or supplied the actual asbestos-containing materials to which Hilt was exposed. See MSJ at 9–15; Opp. at 2; Order Granting Summary Judgment at 5–6. With respect to the first basis, the Eastern District of Pennsylvania found that "[t]here is evidence that [Hilt] was exposed to respirable asbestos dust from insulation used in connection with Foster Wheeler boilers while aboard the USS Bradley and USS Constellation." Order Granting Summary Judgment at 7. The Court agrees. See Hilt Depo. Vol. I at 42:2–44:2, 47:11–49:20; Plts.' Special Interrogatory Responses, Nos. 1 and 3. Thus, there is a genuine issue of material fact as to whether Hilt was exposed to asbestos from Foster Wheeler boilers, and Foster Wheeler's first argument is not a basis on which summary judgment can be granted. See Anderson, 477 U.S. 250–51.

With respect to Foster Wheeler's second contention—the "bare metal" defense—Plaintiffs have proffered a declaration from Charles Ay, who concluded that it was "more likely than not that [Hilt] was exposed to and inhaled respirable asbestos fibers in concentrations orders of magnitude above background or ambient levels from asbestos-containing refractory original to the Foster boilers." Ay Decl. ¶ 36. Mr. Ay based this conclusion on his experience as an insulator in the shipyard industry, his review of ship-specific documents showing that the USS Bradley and USS Constellation were

commissioned shortly before Hilt worked aboard them, and Hilt's deposition testimony indicating that, while aboard the USS Bradley and USS Constellation, Hilt worked in close proximity to Foster boilers on a daily basis for several months. Id. ¶¶ 30–35. Mr. Ay's testimony is "sufficient to create a genuine issue of material fact as to whether Robert Hilt was exposed to asbestos fibers from insulation supplied by Foster Wheeler." Hilt, 690 Fed. Appx. at 483 (emphasis added). Accordingly, there is a genuine issue of material fact as to whether Foster Wheeler is entitled to the "bare metal" defense. This second—and remaining—contention is also not a basis on which to grant summary judgment. See Anderson, 477 U.S. 250–51. There are no other "remaining grounds in Foster Wheeler's motion for summary judgment." See Hilt, 690 Fed. Appx. at 483.

IV. CONCLUSION

For the foregoing reasons, Foster Wheeler's motion for summary judgment (dkt. 48, Ex. B) is DENIED.

**IT IS SO ORDERED.**

Dated: April 2, 2018

CHARLES R. BREYER
United States District Judge